UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT EDWARD TERRELL,

        Plaintiff,                     Case No. 2:12-cv-372

v.                                      Honorable R. Allan Edgar

W. HODGES et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Chippewa Correctional Facility but complains of events that occurred at the Kinross Correctional Facility (KCF). In his *pro se* complaint, he sues W. Hodges, Resident Unit Officer (RUO) Unknown McDowell, Carla J. Granier, Warden Jeff Woods and Assistant Manager R. D. Russell.

On April 20, 2009, RUO McDowell delivered mail from the United States District Court for the Western District of Michigan to Plaintiff. Plaintiff claims that his mail was in fact legal mail that had been opened outside of his presence by KCF mail room employees. Plaintiff immediately told McDowell that the mail should not have been opened outside of his presence.

Later that day, Plaintiff filed a Step I grievance regarding the opening of his legal mail. On April 27, 2009, W. Hodges denied Plaintiff's Step I grievance. Hodges found that Plaintiff's mail was processed in accordance with prisoner mail policy under Michigan Department of Corrections (MDOC) Policy Directive 05.03.118 (effective January 1, 2006).[1] On May 18, 2009, Plaintiff appealed the denial of his grievance to Step II. After finding that Plaintiff's mail was not clearly identified as legal mail in accordance with Policy Directive 05.03.118, Warden Jeff Woods denied Plaintiff's Step II grievance appeal. On June 22, 2009, Plaintiff filed a Step III appeal. On October 2, 2009, Defendant Russell denied Plaintiff's Step III appeal. At each step of the grievance process, Plaintiff claims that he tried to obtain the names of the mail room personnel to no avail.[2]

---

[1] MDOC Policy Directive 05.03.118 was amended on September 14, 2009. Because Plaintiff complains of events that occurred prior to the September 14, 2009 policy, the Court reviewed Plaintiff's claim under the January 1, 2006 policy.

[2] Plaintiff does not list any of the KCF mail room employees as Defendants in this action. While he asserts that he tried to obtain the identification of the mail room employees through the grievance process, he simply could have listed them as Unknown Parties in his complaint. Even if Plaintiff had named the KCF mail room employees as Defendants, he still fails to state a First Amendment claim. *See* Section B, *infra*.

In summary, Plaintiff argues that Defendants violated his First Amendment rights by opening his legal mail outside of his presence.

For relief, Plaintiff requests damages and declaratory relief.

## **Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Supervisory Liability

Plaintiff fails to make specific factual allegations against Officer McDowell in his complaint besides stating that McDowell delivered Plaintiff's opened legal mail.[3] As to Defendants Hodges, Granier, Woods, and Russell, Plaintiff only asserts that they wrongly denied his grievances through the three-step grievance process. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 566 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Further, § 1983

---

[3] Plaintiff does not assert that Officer McDowell opened his legal mail. Even if Plaintiff had alleged that McDowell opened his mail, in Section B, *infra,* the Court found that Plaintiff fails to state a First Amendment claim.

liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 566 U.S. at 676. Plaintiff has failed to allege that Defendants McDowell, Hodges, Granier, Woods, and Russell engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

To the extent Plaintiff contends that Defendants Hodges, Granier, Woods and Russell violated his right to due process by denying his grievances, he fails to state a claim. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants Hodges, Granier, Woods, and Russell's conduct did not deprive him of due process.

### B. First Amendment

Plaintiff alleges that his First Amendment rights were violated when KCF mail room employees wrongly opened his legal mail from the federal district court outside of his presence. A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives. *See Merriweather v. Zamora,* 569 F.3d 307, 317 (6th Cir. 2009) (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992)). In *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993), the Sixth Circuit held that "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." However, prison officials who open and read incoming mail in an "arbitrary or capricious" fashion with "blatant disregard" for incoming mail regulations violate a prisoner's First Amendment rights. *Lavado*, 992 F.2d at 601–11; *see also Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). The Sixth Circuit has extended legal mail to not only include attorney-client communications, but also communications from government agencies and courts. *Sallier v. Brooks*, 343 F.3d 868, 875–77 (6th Cir. 2003).

MDOC Policy Directive 05.03.118 sets forth the guidelines for the handling of legal mail:

> DD. A prisoner may have his/her incoming legal mail receive special handling as set forth in Paragraph EE by submitting a written request to the institution's mailroom supervisor, camp Assistant Deputy Warden, or corrections center Supervisor or designee, as appropriate. Only mail from an attorney or law firm, a legitimate legal service organization, a non-prisoner paralegal working on behalf of an attorney, law firm, or legal service organization, the Department of Attorney General, a prosecuting attorney's office, a court, a clerk of the court, or a Friend of the Court office shall receive this special handling, and only if the mail is clearly identified on the face of the envelope as being from one of the above. It is not sufficient for the envelope to be simply marked "legal mail."

> EE. Incoming legal mail for a prisoner who has requested special handling of legal mail pursuant to Paragraph DD shall be opened and inspected for money, controlled substances and other physical contraband in the prisoner's presence. The content of the mail shall not be read or skimmed. All physical contraband shall be confiscated prior to delivery to the prisoner . . . .

*Id.* at ¶¶ DD, EE.

In this case, Plaintiff alleges that his legal mail was opened outside of his presence despite his request for special legal mail handling. First, the Court assumes that the mail in controversy was legal mail. The envelope of Plaintiff's mail indicated that the sender was "USDC, Western District of Michigan," which is the acronym for United States District Court for the Western District of Michigan. (Attach. to Compl., docket #1-2, Page ID#7.); *see Sallier*, 343 F.3d at 875–77 (free speech protection extends to court mail).

While courts have held that three or more pieces of legal mail opened in an arbitrary or capricious way suffice to state a claim, other courts have determined that the mishandling of one piece of mail is insufficient to state a claim. *See Merriweather,* 569 F.3d at 317 (the opening of sixteen pieces of legal mail violated the plaintiff's constitutional rights); *Sallier*, 343 F.3d at 877–80 (upholding jury verdict as to the opening of three pieces of the prisoner's legal mail). In *Barker v. Sowders*, No. 98–5506, 1999 WL 427170, at \*\*1-2 (6th Cir. June 15, 1999), the Sixth Circuit concluded that a prison employee who opened one piece of a prisoner's legal mail was, at most, shown to have negligently missorted the mail, and that negligence was insufficient to establish a constitutional violation. In *Velthuysen v. Bolton*, No. 2:10-cv-262, 2011 WL 4074642, at \*3 (W.D. Mich. Aug. 23, 2011), the district court found that the mishandling of one piece of legal mail was insufficient to state a claim. *See id.,* report & recommendation adopted by 2011 WL 4074254, at \*1

(W.D. Mich. Sept. 13, 2010) (citing *Anderson v. Andrews*, No. 2:09–cv–109, 2010 WL 3475030, at *3 (W.D. Mich. July 1, 2010) (Holding that the act of opening one piece of properly marked legal mail outside the prisoner's presence was not enough to state a claim where it was questionable whether the mail actually was legal mail.)  Such negligence, while regrettable, does not constitute a First Amendment violation. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006).

In summary, the mishandling of Plaintiff's one piece of legal mail fails to state a First Amendment claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   10/31/2012            /s/ R. Allan Edgar
                               R. Allan Edgar
                               United States District Judge